NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIA LABOYD,

    Plaintiff,

  v.             Civil Action No. 13-2414 (MAS) (DEA)

BURLINGTON INSURANCE
COMPANY,           **MEMORANDUM ORDER**

    Defendant.

**SHIPP, District Judge**

  This matter comes before the Court upon cross-motions for summary judgment filed by Plaintiff Maria Laboyd ("Plaintiff") (ECF No. 13) and Defendant Burlington Insurance Company ("Defendant") (ECF No. 14). Defendant filed opposition to Plaintiff's motion. (ECF No. 16, 17.) No other submissions were filed. The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

  On February 20, 2007, Plaintiff sustained injuries from a knife attack by Alfred Delvalle ("Delvalle") while she was a patron at the Sambuca Nite Club ("Sambuca"). (Pl.'s Br. 5, ECF No. 13-3; Def.'s Resp. to Statement of Facts ("SOF") ¶¶ 2, 4, ECF No. 17-1.) Plaintiff filed an action against Sambuca and Delvalle in the Superior Court of New Jersey (the "Underlying Action"). (Pl.'s Br. 5, ECF No. 13-3; Def.'s Resp. to SOF ¶ 7, ECF No. 17-1.) Plaintiff's complaint in the Underlying Action alleged that Delvalle "entered Sambuca Nite Club[,] went over to the plaintiff, verbally assaulted her then stabbed her repeatedly in her abdomen area in an unprovoked and heinous attack." (Pl.'s Br. Ex. A at ¶ 7, ECF No. 13-4.) Plaintiff brought two counts against

Smabuca. First, Plaintiff alleged that Sambuca was "negligent and failed to take necessary precautions to prevent the foreseeable harm and injuries to plaintiff, including . . . failing to provide security personnel . . . [and] failing to properly provide the plaintiff with protection from Alfred Delvalle." (*Id.* at ¶ 12.) Second, Plaintiff alleged that Sambuca "knew or should have known of the criminal activity at the defendants' [sic] premises from the prior high criminal activities at the premises . . . . [and] [a]s a direct and proximate result of the defendants' assault and the dangerous and unsafe environment" plaintiff suffered injuries. (*Id.* at ¶¶ 15, 16.) In addition, Plaintiff's complaint in the Underlying Action brought a count for assault against Delvalle (Count III). (*Id.* at ¶¶ 17-19.)

Defendant issued a general liability insurance policy to Sambuca, which was in effect at the time of the attack. (Pl.'s Br. 5, ECF No. 13-3; Def.'s Resp. to SOF ¶ 10, ECF No. 17-1.) Defendant was made aware of the Underlying Action and denied coverage based on the terms, conditions, and exclusions in the policy issued to Sambuca. (Pl.'s Br. 6, ECF No. 13-3; Def.'s Resp. to SOF ¶ 14, ECF No. 17-1.) Sambuca retained private counsel, and Delvalle defaulted. (Pl.'s Br. 6, ECF No. 13-3; Def.'s Resp. to SOF ¶ 15, ECF No. 17-1.) On November 28, 2012, a bench trial was held in the Underlying Action, and the Honorable Douglas H. Hurd found Delvalle and Sambuca each fifty percent liable to Plaintiff, with damages in total of $300,000. (Pl.'s Br. 6, ECF No. 13-3; Def.'s Resp. to SOF ¶¶ 16-17, ECF No. 17-1.)

On December 17, 2012, Plaintiff filed an action in the Superior Court of New Jersey seeking a declaratory judgment directing Defendant to make payment on behalf of Sambuca's share of the judgment in the Underlying Action, $150,000 (the "Declaratory Judgment Action"). (Pl.'s Br. Ex. E, ECF No. 13-4.) On April 15, 2013, Defendant removed the Declaratory Judgment Action to this Court. (Notice of Removal, ECF No. 1.) Plaintiff moved to remand the Declaratory

Judgment Action, and by Order dated November 19, 2013, this Court denied that motion. (ECF No. 9.) Plaintiff has demanded that Defendant provide coverage to Sambuca and make payment of Sambuca's monetary judgment obligation to Plaintiff in the amount of $150,000. Defendant asserts that there is no coverage available to Sambuca for the Underlying Action based on the language of the policy.

The policy at issue contains an exclusionary endorsement that excludes from coverage "[b]odily injury . . . [a]rising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery" (the "Assault and Battery Exclusion"). (Pl.'s Br. Ex. B at 38, ECF No. 13-4) (internal quotation marks omitted). Now before the Court are the parties' cross-motions for summary judgment. Defendant asserts the language of the Assault and Battery Exclusion clearly excludes claims that arise out of an assault or failure to prevent an assault between patrons. Plaintiff, on the other hand, asserts that the language is ambiguous and should be interpreted in favor of the insured.

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Here, the parties agree that there is no issue of material fact and only a question of law is before the Court – whether the Assault and Battery Exclusion excludes coverage for the judgment obtained against Sambuca in the Underlying Action.

Under New Jersey law, a policy of insurance will be enforced, as written, when the terms are clear, in order that the parties' expectations are fulfilled. *Kampf v. Franklin Life Ins. Co.*, 33 N.J. 36, 43 (1960). When the meaning of a provision is ambiguous, however, the ambiguity is

construed in favor of the insured and against the insurer. *Boddy v. Cigna Prop. & Cas. Companies*, 334 N.J. Super. 649, 656 (App. Div. 2000). The court, however, "should not ignore the clear meaning and intent of exclusion provisions." *Stafford v. T.H.E. Ins. Co.*, 309 N.J. Super. 97, 103 (App. Div. 1998).

Although Plaintiff acknowledges "that numerous courts have upheld these types of Assault and Battery Exclusions in the past," Plaintiff argues, without any support to legal authority, that the Court should find the exclusion at issue here ambiguous. The Court agrees with Defendant and the vast case law in New Jersey and other jurisdictions that the Assault and Battery Exclusion unambiguously excludes from coverage claims arising out of assaults between patrons and claims relating to the prevention of those assaults. *See, e.g.*, *Stafford*, 309 N.J. Super. at 104; *Rodriguez v. Goodlin*, No. A-5887, 2006 WL 2390218, at *3 (N.J. App. Div. Aug. 21, 2006); *Perez v. El Bamboo Bar/Club*, No. A-1547, 2007 WL 2081472, *3 (N.J. App. Div. July 23, 2007); *Bursey v. 497 Communipaw Ave. Corp.*, No. A-0465, 2011 WL 5041325 (N.J. App. Div. Oct. 25, 2011); *Essex Ins. Co. v. RMJC, Inc.*, 306 F. App'x 749, 752 (3d Cir. 2009); *Clarendon Am. Ins. Co. v. Burlington Ins. Co.*, 677 F. Supp. 2d 1317, 1321 (S.D. Fla. 2009). Plaintiff's argument to the contrary is unpersuasive.

Here, no one disputes that Plaintiff suffered injuries as a result of an assault by Delvalle. Plaintiff asserted in her complaint in the Underlying Action, and the court found in the subsequent bench trial, that Sambuca acted negligently by not taking action to prevent the assault. Plaintiff does not dispute that her compensable harm resulted from injuries sustained when Delvalle assaulted her while at Sambuca. This conduct falls squarely under the Assault and Battery Exclusion because Plaintiff seeks damages from Sambuca arising out of the assault by Delvalle and for Sambuca's negligence in preventing the assault. The language of the policy is

unambiguous. As such, the effect of the exclusion is clear. Liability of the insured for assaults occurring at Sambuca is not covered under the policy.

For the reasons set forth above, and other good cause shown,

IT IS on this 10th day of October, 2014, **ORDERED** that:

    (1) Plaintiff's motion (ECF No. 13) is **DENIED**;

    (2) Defendant's motion (ECF No. 14) is **GRANTED**; and

    (3) This action is **TERMINATED.**

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**